# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DERRICK L. SMITH**,

        Plaintiff,

v.                               **Case No. 16-cv-84-pp**

**BRIAN FOSTER, et al.**,

        Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF AND TEMOPORARY RESTRAINING ORDERS (DKT. NOS. 1, 16, 19, 23), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 35), AND GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE DR. SAUVEY FOR DEFENDANT "JANE DOE, DOCTOR" (DKT. NO. 37)**

---

<u>*Motions for Emergency Injunctive Relief and Temporary Restraining Orders*</u>

On January 21, 2016, the plaintiff filed a letter seeking emergency injunctive relief. Dkt. No. 1. Because the plaintiff had not filed a complaint, Magistrate Judge Nancy Joseph (who was the presiding judge at that time), construed the letter as a complaint, screened it, and ordered the plaintiff to file an amended complaint. Dkt. No. 5. The plaintiff filed an amended complaint on February 12, 2016, and on February 18, 19, and 29, the plaintiff filed emergency motions for preliminary injunctive relief and restraining orders. Dkt. Nos. 14, 16, 19, 23. Judge Joseph screened the plaintiff's amended complaint on March 15, 2016, pursuant to 28 U.S.C. 1915A(a), and she ordered the defendants to respond to the plaintiff's emergency motions. Dkt. No. 26. On March 21, 2016, after the defendants filed their refusal to consent to proceed

1

before a magistrate judge, the clerk's office re-assigned the case to Judge Pepper. The defendants responded to the plaintiff's motions on April 5, 2016. Dkt. No. 31. The plaintiff chose not to file reply briefs in support of his motions, so the motions now are fully briefed and ready for the court's decision.

Although the plaintiff filed four different motions for emergency relief and restraining orders, the relief he seeks in the motions is largely duplicative. Specifically, the plaintiff asks: (1) to be transferred to Mendota Prison or Winnebago Prison (Dkt. No. 1 at 1, 2; Dkt. No. 16; Dkt. No. 19 at 1; Dkt. No. 23); (2) to have no contact with the defendants or with the staff of Green Bay Correctional Institution, Waupun Correctional Institution, and Columbia Correctional Institution (Dkt. No. 1 at 2; Dkt. No. 16; Dkt. No. 23); (3) to have a sexual assault examination performed at the University of Wisconsin's Hospital or Clinic (or some other agreed upon facility) (Dkt. No. 16, Dkt. No. 23); and (4) to have "all of his Marathon County Circuit Court ordered legal property brought to him" (Dkt. No. 16). The plaintiff's third motion indicates that he is in segregation (although he does not wish to be there). Dkt. No. 19 at 2.

The defendants argue that the plaintiff's motions should be denied because the plaintiff does not meet the standard for preliminary injunctive relief. The court agrees.

"A preliminary injunction is an extraordinary remedy intended to preserve the status quo until the merits of a case may be resolved." Indiana Civil Liberties Union v. O'Bannon, 259 F.3d 766, 770 (7th Cir. 2001). To obtain preliminary injunctive relief, whether through a temporary restraining order or

2

preliminary injunction, the movant must show that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If the movant shows those three factors are shown, the court must then balance the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

In addition, 18 U.S.C. §3626 requires that any "[p]rospective relief in any civil action with respect to prison conditions" be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right."

The plaintiff alleges in his complaint that he was raped by both inmates and staff, that he is and has been harassed by staff at Green Bay Correctional, and that he is in danger of being physically assaulted by inmates at Green Bay Correctional. Dkt. No. 14.

In their response to the plaintiff's motions, the defendants provided a sworn declaration, made under penalty of perjury, from John Kind, the Security Director at Green Bay Correctional. Dkt. No. 32. He is responsible for the overall security of the institution. Id. at ¶3. Kind declares that he is familiar with the plaintiff and the allegations he has made concerning the plaintiff's safety at Green Bay Correctional. Id. at ¶5. He states that an investigation he ordered failed to substantiate the plaintiff's allegations. Id. at ¶11. According

3

to Kind, the plaintiff was unable to corroborate his allegations with evidence, witness statements, or his own recollection. Id.[1]

Kind further explains that Green Bay Correctional has a special placement need (SPN) order to keep inmates away from one another, and that inmates can request such an order at any time. Id. at ¶12-13. An SPN was initially entered after the plaintiff complained that he had been sexually assaulted, but ultimately it was not approved because the plaintiff's claims could not be substantiated. Id. at ¶12. Kind states that the plaintiff never has requested an SPN. Id. at ¶13. Kind also states that in 2016, the plaintiff has raised numerous allegations that he is in danger, all of which Kind has taken seriously. Id. at ¶ 16. He states that each time he ordered an investigation, and he ordered that measures be taken to ensure the plaintiff's safety. Id. Kind has not been able to substantiate any of the plaintiff's allegations. Id. The plaintiff has been placed, at times, in temporary lock up and protective confinement while his claims were being investigated. Id. at 3-4.

Finally, Kind explains that Green Bay Correctional does not have the unilateral authority to transfer the plaintiff to Mendota Mental Health Institution or Winnebago Correctional Center. Id. at ¶19. Both institutions are secure mental health facilities operated through the Department of Health Services (DHS). Id. Inmates are sent there for treatment purposes only, and

---

[1] Kind states that he cannot provide the investigation report or further details to the court at this time because the plaintiff has refused to sign a medical authorization form. Dkt. No. 32 at ¶11.

Correction--along with DHS mental health professionals--must recommend such a transfer. Id.

On April 26, 2016, the plaintiff filed a response. Dkt. No. 38. In the response, the plaintiff basically argues the allegations in his complaint—that the defendants failed to protect him in violation of the Eighth Amendment. He discusses in detail the conditions in the prison and the injuries he has suffered. He did not attach any affidavits or other evidence (he did not even attach his own affidavit), or evidence to contradict the statements in Kind's declaration. The plaintiff argues his case (and argues it in an articulate fashion), but does not establish a basis for injunctive relief.

Based on Kind's declaration, which directly contradicts the allegations in plaintiff's complaint, the court finds that the plaintiff has not established that his underlying case has a likelihood of success on the merits. This is not to say that the court is crediting Kind's statements over the plaintiff's statements; rather, it is the court's finding that, at this early stage of the litigation, there is not sufficient evidence supporting either party's statements over the other. The movant bears the burden of persuasion with regard to each factor in the preliminary injunctive relief analysis, and "if a [movant] fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." Cox v. City of Chicago, 868 F.2d 217, 219-223 (7th Cir. 1989). The plaintiff's failure to make the first showing required by this analysis requires the court to deny his motions.

5

Case 2:16-cv-00084-PP   Filed 05/05/16   Page 5 of 10   Document 39

### *Motion for the Appointment of Counsel*

On April 18, 2016, the plaintiff filed a motion asking the court to recruit counsel to represent him. In a civil case, as opposed to a criminal case, a plaintiff has no statutory or constitutional right to the representation of counsel. Thus, the court has discretion in a civil case to decide whether to recruit a volunteer lawyer for someone who cannot afford one. <u>Navejar v. Iyola</u>, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); <u>Ray v. Wexford Health Sources, Inc.,</u> 706 F.3d 864, 866-67 (7th Cir. 2013). First, the person has to make a reasonable effort to hire private counsel on his own. <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a person can demonstrate he has made a reasonable effort by providing the court with the names of at least three attorneys that he has contacted, along with the dates of the contact and copies of the letters (if possible) he sent to the attorneys asking them to represent him.

After a person makes that reasonable attempt to hire counsel on his own, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." <u>Navejar</u>, 718 F.3d at 696 (citing <u>Pruitt</u>, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." <u>Id</u>.

Here, the plaintiff has not satisfied the first Pruitt requirement described above. He provides the court with no evidence that he has attempted to hire an attorney on his own. The court could deny his motion on that basis alone.

Even if the plaintiff had satisfied the first step, the court still would, at this stage of the litigation, deny his motion. The plaintiff's claims are not complex, and they are not the type of claims that require expert testimony. Rather, the plaintiff's claims relate to how he was treated by the defendants, and the conditions of confinement that he endured. The court eventually will decide the plaintiff's claims on the basis of his personal knowledge and, perhaps, reports or other documents that substantiate the parties' assertions.

The court is aware that it is very difficult for a plaintiff who is incarcerated to represent himself. Almost all inmates who ask for appointed counsel have no money, have no legal training, and have difficulty accessing legal documents and materials. The court simply does not have the resources to provide counsel for every plaintiff who asks for it. The court appoints counsel only in those cases in which it is clear that the issues in the case have become so complex that the plaintiff does not have the capacity to explain his case himself.

It may be that the plaintiff does not know how next to proceed. If and when the defendants file an answer to the plaintiff's complaint, he will be able to ask the defendants to answer his interrogatories regarding the alleged events (Fed. R. Civ. Pro. 33), and he will be able to conduct discovery regarding any reports or records that resulted from the alleged events (Fed. R. Civ. Pro. 34).

He also will be able to present the court with his version of events, through an affidavit or unsworn declaration under 28 U.S.C. §1746, in response to any motion for summary judgment that the defendants might file. The court has no evidence before it right now to indicate that the plaintiff cannot handle these tasks on his own.

### *Miscellaneous*

On April 26, 2016, the court received a letter from the plaintiff, apologizing to the court because the plaintiff identified me as a magistrate judge. Dkt. No. 36. The plaintiff owes this court no apology—it would be an honor to be a magistrate judge, and the court took no offense at the plaintiff calling me by that title.

Finally, the plaintiff filed a motion asking to substitute defendant Dr. Sauvey for defendant "Jane Doe, Doctor" in the operative complaint. Dkt. No. 37. Judge Joseph already has dismissed his original complaint against Sauvey, because the plaintiff's claims against Sauvey were "vague and conclusory." Dkt. No. 26 at 10. In this motion to substitute, the plaintiff now argues that Green Bay has had only one doctor since Smith arrived. Dkt. No. 37. He states that the week before September 16, 2016, he talked to Dr. Sauvey about being raped, and requested an exam. He states that the doctor denied his request, told him she'd send him some information "on alternatives," and the called security against the plaintiff on October 1, 2016. Id. Based on these facts, the plaintiff now asks the court to add Dr. Sauvey back as a defendant.

8

In the February 12, 2016 amended complaint, the plaintiff argued that he demanded a sexual assault exam so that he could prove that he was raped, but that a female doctor told him she could not conduct a sexual assault exam. Dkt. No. 14 at 7. He alleged that he complained to this doctor about extensive rectal bleeding, which was the basis for his request for an exam, and that she told him that she could have him back for a digital rectal exam. Id. The plaintiff now asserts that Dr. Sauvey was the only doctor at Green Bay during the time he was there, and thus that it was she who refused to provide him with a sexual assault exam. It also appears that the plaintiff asserted in his amended complaint that this doctor was responsible for the fact that he did not receive treatment after the alleged rape. Judge Joseph originally dismissed Sauvey as a defendant, because the allegations against her were vague and conclusory. Dkt. No. 26 at 12. Given the plaintiff's assertion that Sauvey was the only doctor at Green Bay during the relevant time period, the court will grant his motion, and allow him to substitute Dr. Sauvey for "Jane Doe, Doctor."

The court **DENIES** the plaintiff's motions for preliminary injunctive relief and/or temporary restraining orders (Dkt. Nos. 1, 16, 19, 23).

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel (Dkt. No. 35).

The court **GRANTS** the plaintiff's motion to substitute Dr. Sauvey for defendant "Jane Doe, Doctor," (Dkt. No. 37), and **ORDERS** the clerk of court to add Dr. Sauvey as a defendant.

The court further **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of this order are being electronically sent today to the Wisconsin Department of Justice of service on defendant Sauvey. The court further **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendant Sauvey shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

Dated in Milwaukee, Wisconsin, this 4th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge