# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK L. SMITH**,

                 Plaintiff,

v.                              **Case No. 16-cv-84-pp**

**BRIAN FOSTER, et al.**,

                 Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 54)

On July 25, 2016, the plaintiff filed a motion asking the court to reconsider three of its prior decisions: 1) its decision denying the plaintiff's request to appoint counsel to represent him (Dkt. No. 39); 2) its decision denying the plaintiff's motions for emergency temporary injunctive relief (Dkt. No. 39); and 3) its decision ordering the plaintiff to execute a medical authorization release allowing the defendants to access his medical records from 2010 to the present (Dkt. No. 53).

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from an order for various reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. Fed. R. Civ. Pro. 60(b)(1)-(6). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." Nelson v. Napolitano, 657 F.3d 586, 589 (7th Cir. 2011) (citations omitted). Because the plaintiff does not argue that any of the Rule 60(b) factors apply, and because he does not describe "exceptional

1

circumstances" warranting the relief he requests, the court will deny his motion.

First, with regard to his request that the court recruit counsel to represent him, the plaintiff explains that, despite his silence on this point in his motion, he made a reasonable attempt to hire counsel on his own before asking the court to find counsel for him. He lists those lawyers in his motion, and attaches rejection letters from four of them. Dkt. Nos. 54, 54-1. As the court explained in its decision, however, even after the plaintiff has made a reasonable attempt to hire counsel on his own, the court still does not believe that the plaintiff's claims are so complex or complicated that he cannot handle the initial stages of the litigation on his own. (Dkt. No. 39 at 7-8.)

The court understands that the plaintiff does not have any legal education or training. The court understands that the plaintiff does not have a college degree. The court also understands that the plaintiff suffers from mental health issues. Unfortunately, however, the court sees multiple cases every day from inmates who have no legal training, have little formal education, have mental health issues, do not have funds to hire counsel to help them, and do not have access to law libraries or other inmates who might assist them. The court cannot appoint counsel to represent everyone who would benefit from having it. So the court must look at the pleadings and other documents the plaintiff has filed, and consider from how he expresses himself and what he has said whether he appears capable of presenting his case himself. In this

2

case, having read the plaintiff's submissions over the course of the case, the court still believes that he is capable of representing his position himself.

Second, with regard to the plaintiff's motions for emergency injunctive relief, the most recent motion repeats his arguments from before, and alleges that prison officials (some defendants, others not) continue to retaliate against him. The court already has determined, based on the sworn testimony of the security director at the plaintiff's institution, that the plaintiff has not established that his underlying case has a likelihood of success on the merits. Accordingly, he cannot prevail on a motion for a preliminary injunction. (See id. at 5.) Further, as the court explained in a separate order, to the extent the plaintiff is complaining about misconduct that he did not allege in his complaint, he may use the inmate grievance procedures at his institution to address his concerns and/or he may file a new lawsuit to raise those claims. (Dkt. No. 53 at 6-7.) The court reminds the plaintiff that the scope of this lawsuit is limited to the allegations in his complaint.

Finally, with regard to the court's order that the plaintiff sign a medical authorization release allowing the defendants to access his medical records from 2010 to the present, the plaintiff argues that he has not been permitted time to review his records and he does not want to have to litigate events that occurred prior to 2015. The plaintiff misunderstands the court's order.

The plaintiff does not need to copy and send his medical documents to the defendants. All he needs to do is sign the authorization form—the

3

Case 2:16-cv-00084-PP    Filed 07/27/16    Page 3 of 4    Document 55

*defendants* will obtain the medical documents directly from the plaintiff's institution. The plaintiff is not required to review his medical documents first.

By allowing the defendants access to the plaintiff's medical documents from 2010 to the present, the court did not mean to imply that alleged prior assaults are now at issue in this case. As the court already has explained, this lawsuit is limited to the allegations in the plaintiff's complaint. Unless the plaintiff asks permission to amend his complaint, and unless the court grants that permission, the scope of this lawsuit will not change based on the discovery the parties exchange. The court is allowing the defendants to obtain the plaintiff's medical records from the past five years so that they can investigate whether the plaintiff's alleged injuries can be explained by some cause other than the one the plaintiff alleged in the complaint. (Dkt. No. 53 at 3-4.)

The court **DENIES** the plaintiff's motion for reconsideration (Dkt. No. 54).

Dated in Milwaukee, Wisconsin, this 26th day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge