**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DERRICK L. SMITH**,

                Plaintiff,

v.                                   **Case No. 16-cv-84-pp**

**BRIAN FOSTER, et al.**,

                Defendants.

---

**DECISION AND ORDER GRANTING THE DEFENDANT'S
MOTION FOR LEAVE TO FILE EXCESS PAGES (DKT. NO. 68);
DENYING THE PLAINTIFF'S DISPOSITIVE MOTION (DKT. NO. 85);
DENYING AS MOOT THE DEFENDANT'S MOTION TO STRIKE THE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 87); AND
GRANTING THE PLAINTIFF'S MOTION FOR A COPY OF THE DOCKET
(DKT. NO. 88)**

---

On January 3, 2017, the defendants filed a motion for summary judgment, dkt. no. 68, and a motion for leave to file excess pages, dkt. no. 69. Six days later, the court entered an order extending the deadline to March 3, 2017, for the plaintiff to respond to the defendants' motion for summary judgment. Dkt. No. 84. That same day, the court received the plaintiff's motion for summary judgment. Dkt. No. 85. About ten days after the court received the plaintiff's motion, the defendants filed a motion to strike the plaintiff's summary judgment motion. Dkt. No. 87. The defendants argued that it wasn't really a motion—just a statement from the plaintiff that he doesn't know what a summary judgment motion is. Id. The following day, the court received a motion from the plaintiff asking for various clarifications, explaining problems

1

he was having with obtaining his personal property, and detailing discovery disputes he has had with the defendants. Dkt. No. 88. Ultimately, the only relief that the plaintiff requested was for the court to send him "a copy of docket entries." Id.

The court will grant the defendants' motion to file pages in excess of the thirty-page limit set in Civil Local Rule 56(b)(8). Dkt. No. 68. The court reminds the defendants that they should file such requests *prior* to filing their motion, not at the same time. Regardless, given the number of defendants and claims, the court agrees that the defendants need additional pages to fully present their arguments.

The court will deny as moot the defendants' motion to strike plaintiff's motion for summary judgment, dkt. no. 87, because the court will deny the plaintiff's motion, dkt. no. 85. The plaintiff addressed this pleading to the court, and in the "re:" line, indicated, "Dispositive Motino, #16-cv-84 Federal Lawsuit." Dkt. No. 85 at 1. In the first paragraph, the plaintiff states that he is submitting his *pro se* "dispositive motion" for the court to consider. Id. The plaintiff then says,

> But first Smith would like to take this opportunity to again apologize to this Court for the presentation of this, his prehistoric condition of the pro se motion he submits. Being housed at the County Jail has a lot of challenges for him to overcome, if he is able to overcome them at all. Yet he ensures this Court that he is doing the best he can with the very little he has to work with. The Jail will only allow him to use pen & paper for his legal proceedings.
>
> Smith asserts that due to the Jail's inadequately stocked Law Library he can find no information on what a dispositive motion is or how to develop one. Because of

> that he motion[s] for this court to preserve his ability/right to submit a Dispositive Motion and prayfully Discovery requests at a later date.
>
> Smith prays for this Court's understanding and patience while considering to grant this his pro se dispositive motion, thank you.

Id. at 1-2.

This is not, as the defendants point out, a motion for summary judgment. It is a statement by the plaintiff that he does not know what a dispositive motion is, and a request that the court extend the deadline for filing such a motion until he figures that out.

On May 16, 2016, the court entered a scheduling order setting the deadline for filing dispositive motions. Dkt. No. 43. In paragraph 2 of the order, the court defined the term "dispositive motions." Id. at 1. It indicated that dispositive motions were motions to dismiss under Federal Rule of Civil Procedure 12 and motions for summary judgment under Federal Rule of Civil Procedure 56. Id. The court included with the order copies of F.R.C.P. 12, F.R.C.P. 56, and the court's local rules relating to dispositive motions. Id. The defendants included the same rules in their motion for summary judgment, which they filed on January 3, 2017. Dkt. No. 69.

The court's order set the deadline for filing dispositive motions for September 16, 2016. Dkt. No. 43 at 1. That gave the plaintiff four months to look in the library for cases and other information about motions to dismiss and motions for summary judgment. At the defendants' request, the court extended that deadline to October 17, 2016, dkt. no. 46, giving the plaintiff

(and the defendants) an additional month. The court extended the deadline again—this time, to January 3, 2017—after ruling on the plaintiff's motion for reconsideration. Dkt. No. 59. The court received the plaintiff's explanation that he didn't know what a dispositive motion was on January 9, 2017—six days after the deadline for filing dispositive motions, and almost eight months after the court had sent him the scheduling order with the attached rules. By the time the court received the plaintiff's (late-filed) motion, he had had almost eight months to look for cases that described a motion to dismiss, or a motion for summary judgment, and to decide if the facts and law in his case warranted him filing either one of those.

The court will deny the plaintiff's dispositive motion, dkt. no. 85, and will not give him additional time to file another. The court reminds the plaintiff that his response to the defendants' motion for summary judgment is due on **March 3, 2017**.

Finally, on January 20, 2017, the court received from the plaintiff a document entitled "Plaintiff's Notice of Motion & Motion for a Full Copy of the DOCKET ENTRIES case #16-cv-84." Dkt. No. 88. While this document is lengthy and details many administrative hurdles the plaintiff believes he is facing, he seems to have included all of that information for the purpose of putting the court on notice. The only relief the plaintiff requests is a copy of the docket. The court will grant that request.

The plaintiff also asks two questions with regard to the mechanics of dockets: 1) whether every activity by a party and the court gets a separate

docket entry; and 2) what the gavel next to a docket number means. As to the first question, yes, the clerk of court makes a separate entry on the docket for every document that a party files and every decision or order the court enters. The clerk of court adds documents to the docket in the order that he receives them. With regard to the plaintiff's second question, the gavel next to a docket number means that the filed document is a motion that requires a decision from the court. Once the court issues an order that resolves that motion, the clerk of court removes the gavel.

The court **GRANTS** the defendants' motion for leave to file excess pages (dkt. no. 68).

The court **DENIES** the plaintiff's motion for summary judgment (dkt. no. 85).

The court **DENIES** as moot the defendants' motion to strike the plaintiff's motion for summary judgment (dkt. no. 87).

The court **GRANTS** the plaintiff's motion for a copy of the docket (dkt. no. 88). The court will send a copy of the docket to the plaintiff.

Dated in Milwaukee, Wisconsin this 21st day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge