UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK L. SMITH,

                Plaintiff,

v.                                                   Case No. 16-cv-84-pp

BRIAN FOSTER, *et al.*,

                Defendants.

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION FOR EMERGENCY PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER (DKT. NO. 93), DENYING HIS MOTION FOR AN EXTENSION OF TIME (DKT. NO. 107), DENYING HIS MOTION FOR LEAVE TO FILE EXCESS PAGES (DKT. NO. 109), AND DENYING HIS MOTION FOR A 30-DAY POSTPONEMENT (DKT. NO. 112)**

**I.    The Plaintiff's Motion for an Extension of Time and for Leave to File Excess Pages**

On January 3, 2017, the defendants filed a motion for summary judgment. Dkt. No. 69. After receiving several extensions of time, the plaintiff filed his response materials on March 20, 2017. Dkt. Nos. 97, 100. On April 3, 2017, the defendants filed their reply brief in support of their motion for summary judgment. Dkt. No. 103. They also responded to the plaintiff's additional proposed findings of fact, which the plaintiff included with his response materials.[1] Dkt. No. 104.

---

[1] The defendants noted that the plaintiff did not label Dkt. No. 100 as "Proposed Findings of Fact." They acknowledged, though, that a portion of that document appeared to be proposed findings of fact. Out of an abundance of caution, the defendants' treated the document as proposed findings of fact, and replied to those additional facts as required by Civ. L.R. 56(b)(3)(B).

On April 21, 2017, the plaintiff filed two motions. The first asked that the court extend the deadline for his response to the defendants' reply brief. Dkt. No. 107. The second asked that the court allow him to file a response that exceeded the page limits in the local rules. Dkt. No. 108. The court will deny both motions.

Civil L.R. 56 sets out the briefing procedures for a motion for summary judgment. The rule specifically allows for the filing of a motion and materials in support of that motion; the opposing party's materials in opposition to the motion; and the moving party's materials in reply—a motion, a response and a reply. Once the moving party files the reply, briefing is complete and the motion is ready for the court's decision.

Here, the parties finished briefing the defendants' motion for summary judgment on April 3, 2017, when the defendants filed their reply. The rules do not authorize the plaintiff to file anything else, nor does anything in the plaintiff's most recent motions suggest that further briefing. The court will deny the plaintiff's request for additional time to respond to the defendants' reply materials, and his request to exceed the page limitations. The defendants' motion for summary judgment is ready for the court's decision. The court will not accept any further pleadings from the parties on this motion.

## II. The Plaintiff's Motion for Preliminary Injunction

On March 14, 2017, the plaintiff filed an emergency motion for injunctive relief and restraining order. Dkt. No. 93. The plaintiff states that his "health, safety, and quality of life are being abused, under color of law by [Marathon County] Jail staff." Dkt. No. 94 at 2. He asks the court to order that he be

transferred to Mendota or Winnebago Correctional Institutions, that his medical needs be addressed at the University of Wisconsin Hospital and pain clinic, that "opposing parties" repair or replace his laptop and return his legal materials and personal property, that he be allowed to keep his legal materials in his cell, and that no Marathon County Jail staff have any contact with him. Id. at 12-13.

On April 4, 2017, the defendants responded to the plaintiff's motion. They argue that the plaintiff makes no allegations relating to the underlying lawsuit or against any of the defendants in the underlying lawsuit. The allegations in the plaintiff's motion are against Marathon County Jail staff, who are not parties to this lawsuit (the plaintiff sued the warden and certain staff members at Waupun Correctional Institution). The defendants argue that the court has no jurisdiction to grant the relief the plaintiff seeks.

On April 21, 2017, the plaintiff filed a motion asking for additional time to file a reply brief in support of his motion for a preliminary injunction. Dkt. No. 107. He filed a second motion asking, in part, that the court allow him to exceed the page limitation for his reply brief. Dkt. No. 109.

The court will deny the plaintiff's motion for a preliminary injunction. The purpose of a preliminary injunction or temporary restraining order is "to preserve the relative positions *of the parties* until a trial on the merits can be held." University of Texas v. Camenisch, 451 U.S. 390, 395 (1981) (emphasis added); Crue v. Aiken, 137 F.Supp.2d 1076, 1082 (C.D. Ill. April 6, 2001). A motion for preliminary injunction is not a proper avenue to pursue additional claims against different defendants. See Wilson v. Gaetz, Case No. 14-cv-71,

2015WL4999852, at *1-2 (S.D. Ill. Aug. 21, 2015) (citing Fed. R. Civ. P. 65(d)(2)).

The plaintiff's motion complains about actions by individuals who are not parties to this lawsuit, which means that the court does not have jurisdiction over those individuals. In any event, according to the Wisconsin Department of Corrections website, the plaintiff recently moved from Marathon County Jail to Dodge Correctional Institution. See http://offender.doc.state.wi.us/lop/ (last visited on April 24, 2017). Given that he is no longer at Marathon County Jail, his request for relief from the alleged wrongdoing by individuals at that facility is moot.

Because the court is denying the plaintiff's motion for a preliminary injunction and/or temporary restraining order, it will also deny as moot the plaintiff's motion for an extension of time to file a reply brief in support of his motion and his motion seeking leave to exceed the page limitation.

### III. The Plaintiff's Motion for 30-Day Postponement Under Imminent Danger

On May 18, 2017, the court received a change-of-address notice from the plaintiff. Dkt. No. 111. That notice indicates that the plaintiff now has been transferred back to Waupun Correctional Institute (where the events he complained of in his complaint allegedly occurred). The same day, the court received a motion from the plaintiff. Dkt. No. 112. The motion is captioned motion for 30-day postponement, but it is not clear what the plaintiff wants the court to postpone. The plaintiff is not under any deadlines; the defendants' motion for summary judgment is fully briefed, and nothing remains now but

4

for the court to rule on it. In the motion, the plaintiff indicates that he believes that bad things will happen to him at Waupun (because he has alleged that bad things happened to him when he was there in the past). He asks the court for the same relief he requested in the motion for preliminary injunction, along with some additional relief.

As the court has noted, there is nothing for the court to postpone. There is nothing for the plaintiff to do right now but wait for the court's decision on the motion for summary judgment.

## IV. Conclusion

The court **DENIES** the plaintiff's motion for emergency preliminary injunction and/or for a restraining order. Dkt. No. 93.

The court **DENIES** the plaintiff's motion for an extension of time. Dkt No. 107.

The court **DENIES** the plaintiff's motion for leave to file excess pages. Dkt. No. 109.

The court **DENIES** the plaintiff's motion for a thirty-day postponement. Dkt. No. 112.

Dated in Milwaukee, Wisconsin this 22nd day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

5