UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

                Plaintiff,

v.                                         Case No. 16-cv-84-pp

BRIAN FOSTER, *et al.,*

                Defendants.

---

**DECISION AND ORDER REQUIRING
PLAINTIFF TO RESPOND BY AUGUST 18, 2017**

---

On January 3, 2017, the defendants filed a motion for summary judgment. Dkt. No. 69. The plaintiff filed two briefs in opposition on March 20, 2017. Dkt. Nos. 97, 100. Although he captioned both of his filings as briefs in opposition, parts of one of the briefs appeared to be proposed findings of fact. Thus, out of an abundance of caution, the defendants treated it as such, and, on April 3, 2017, they filed both a reply brief in support of their summary judgment motion and a response to the plaintiff's (presumed) proposed findings of fact. Dkt. Nos. 103, 104.

In the plaintiff's opposition briefs, he references several letters to various defendants, including the warden and security director. The plaintiff attaches these letters as exhibits. See dkt. no. 97-1. In defendants' response and objections to the plaintiff's proposed findings of fact, they argue that, "Nearly every single document that Plaintiff produced in support of his response to Defendants' Motion for Summary Judgment was not produced previously in

1

discovery." Dkt. No. 104 at 9, n. 3. The defendants go on to argue that the court should disregard these documents for failure to comply with discovery. In addition, they argue that "many of the letters may be forged and/or created only for the purpose of creating a dispute of fact." Id.[1]

Fed. R. Civ. Pro. 26(e) requires a party to supplement its responses to a request for production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. Pro. 26(e)(1)(A). Fed. R. Civ. Pro. 37(c) explains the consequences to a party who fails to supplement his responses as required by Rule 26. Specifically, Rule 37 states that if a party does not provide information required by Rule 26(e), "the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1).

The defendants argue that they "sent Plaintiff a request for production of documents, asking him to produce any and all letters that he sent to any of the Defendants regarding the allegations in his Complaint." Dkt. No. 104 at 9. In response, the plaintiff produced 181 pages of letters and other documents; they argue that his production did not include the documents on which he now relies. In addition, in a January 8, 2017 letter to the defendants, the plaintiff

---

[1] None of the defendants supplemented their declarations to explain whether they received the letters at the time the plaintiff states he sent them. In other words, while the court understands that the plaintiff did not produce the letters in response to the defendants' discovery requests, the court cannot determine, based on the *evidence* (as opposed to the defendants' arguments), whether the defendants have any record of receiving the letters at the time the plaintiff sent them and/or whether they know that they did *not* receive them, even if the plaintiff claims to have sent them.

stated, "enclosed are the final pages of the discovery you requested . . . . I will review my document count to ensure I sent you everything." Dkt. No. 105-3 at 1. The plaintiff produced no additional documents after sending that letter, implying that his production of documents was complete.

The Seventh Circuit Court of Appeals has held that "the sanction of exclusion is automatic and mandatory" unless the failure to comply with Rule 26(e) was either justified or harmless. See David v. Caterpillar, 324 F.3d 851, 857 (7th Cir. 2003). In other words, unless the plaintiff can demonstrate that his failure to supplement his discovery responses was justified or harmless, he cannot use the newly-produced documents in support of his opposition to the defendants' summary judgment motion. In determining whether the plaintiff's violation was justified or harmless, the court will consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." Id.

The court will construe the defendants' objection to the plaintiff's reliance on the documents that were not produced in the course of discovery as a motion for sanctions under Rule 37(c). Before ruling on that motion, the court will allow the plaintiff to respond to the defendants' objections that: (1) the plaintiff did not timely produce the documents in response to the defendants' discovery requests; and (2) the plaintiff created and/or forged the documents for the sole purpose of creating a material dispute of fact.

3

The court will require the plaintiff to verify his response. He must include the following declaration at the end of his response: "I declare under penalty of perjury that the foregoing is true and correct." He then must sign and date the response. In doing so, the plaintiff is swearing that every statement made in his response is true. If the court determines that any statement in his response is untrue, the court may impose sanctions, up to and including dismissing the plaintiff's lawsuit. To be clear, any sanctions the court may impose as a result of the plaintiff including untrue statement in his verified response would be separate from and in addition to any sanctions the court may impose as a result of the plaintiff's failure to timely supplement his responses to the defendants' discovery requests.

The plaintiff must file his verified response by **August 18, 2017**. He should confine his response to the topics outlined above; this is not an opportunity to provide additional argument in opposition to the defendants' summary judgment motion. If the defendants would like to file a reply in support of their request that the court disregard the documents upon which the plaintiff relies in his opposition brief, they must do so within fourteen days of receiving the plaintiff's response.

If the plaintiff fails to respond as directed by the deadline, the court will grant the plaintiff's request to disregard the documents at issue.

The court **ORDERS** the plaintiff to file a verified response to the defendants' objections regarding his reliance on documents he did not produce in discovery by **August 18, 2017**. If the defendants would like to reply in

4

Case 2:16-cv-00084-PP    Filed 07/18/17    Page 4 of 5    Document 121

support of their request that the court disregard the documents at issue, they must do so within fourteen days of receiving the plaintiff's response.

Dated in Milwaukee, Wisconsin this 18th day of July, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**