UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK L. SMITH,

                Plaintiff,

v.                                                Case No. 16-cv-84-pp

BRIAN FOSTER, et al.,

                Defendants.

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTIONS FOR RECONSIDERATION (DKT. NOS. 130, 140 and 148), MOTIONS FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NOS. 134 and 145), MOTIONS TO CLARIFY (DKT. NOS. 143 and 150), MOTION FOR LEAVE TO FILE EXCESS PAGES (DKT. NO. 147), AND MOTIONS TO APPOINT COUNSEL (DKT. NOS. 152 and 157)**

On October 12, 2017, the court granted the defendants' motion for summary judgment and dismissed the case. Dkt. No. 128. The court entered judgment in favor of the defendants that same day. Dkt. No. 129.

On November 1, 2017, the plaintiff filed a motion for reconsideration. Dkt. No. 130. Two weeks later, before the court had issued a decision on that motion, the plaintiff filed a notice of appeal. Dkt. No. 133. He also filed a motion for leave to appeal without prepayment of the filing fee. Dkt. No. 134.

The same day, the Court of Appeals for the Seventh Circuit ordered the plaintiff to pay the full $505 filing fee no later than November 28, 2017. Dkt. No. 139. It explained that several federal courts had dismissed more than three of the plaintiff's cases on the grounds that the cases were frivolous, malicious,

or failed to state a claim. Id. As a result, the Seventh Circuit declined to allow the plaintiff to appeal without having to pay the filing fee. Id.

About a week later, the plaintiff filed a motion asking the court whether it had considered his motion for reconsideration, which the court had received less than three weeks earlier. Dkt. No. 140. He then filed, in quick succession, a motion to clarify Rule 58, dkt. no. 143, another motion for leave to appeal without prepayment of the filing fee, dkt. no. 145, a motion for leave to file excess pages, dkt. no. 147, a motion for order, dkt. no. 148, a motion to clarify, dkt. no. 150, a motion to appoint counsel, dkt. no. 152, and another motion to appoint counsel, dkt. no. 157.

**1.      Motions for Reconsideration, Dkt. Nos. 130, 140 and 148**

"The filing of an appeal . . . deprive[s] the district court of jurisdiction over the case." Boyko v. Anderson, 185 F.3d 672, 674 (7th Cir. 1999). In other words, "[j]urisdiction is either all in one court or all in the other." Id. This rule prevents one court from stepping on the toes of the other, and it saves time and resources. Id.

There is an exception to that rule. Rule 57 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit states that if, while an appeal is pending, a party files a motion under Fed. R. Civ. P. 60(a) or 60(b) or "any other rule that permits the modification of a final judgment," that party should ask the district court whether it is inclined to grant the motion. If the district court is inclined to grant the motion, the Seventh Circuit will remand the case to the district court to modify the judgment.

The plaintiff has filed two motions for reconsideration and a motion for an order ruling on those motions. Dkt. Nos. 130, 140 and 148. The court is not inclined to grant the plaintiff's motions for reconsideration. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff does not meet the standard for the court to alter or amend its judgment under Rule 59(e). The plaintiff has not presented any new evidence, and he has not alleged that this court committed a manifest error of law. His motions to reconsider present the same arguments he presented before the court granted summary judgment—arguments about missing legal work, which the court has addressed more than once during the case. The court understands that the plaintiff disagrees with its decision to grant summary judgment in favor of the defendants, but the fact that a plaintiff disagrees with a court's ruling is not a basis for that court to grant a motion to reconsider. That is what appeals are for.

**2.    Motions for Leave to Appeal without Prepayment of the Filing Fee, Dkt. Nos. 134 and 145**

The Seventh Circuit already has decided that the plaintiff may not proceed on appeal without paying the filing fee, and it has explained to the plaintiff why he cannot do so. Dkt. No. 139. This court does not have the

authority to reverse the Seventh Circuit's decision. The court will deny the plaintiff's motions for the reasons stated in the Seventh Circuit's decision.

**3.    Motions to Clarify Rule 58, Dkt. Nos. 143 and 150**

The plaintiff asks that, under Fed. R. Civ. P. 58, the court clarify its October 12, 2017 order. Dkt. No. 143. He makes this request despite the fact that he admits that he doesn't have a copy of Rule 58, and doesn't know what it is. Id.

Rule 58—which the court has attached as a courtesy to the plaintiff—simply says that judgments must be set out on a separate document from the document in which the court issues its order. The court did that—its order of dismissal is at Dkt. No. 128, and the judgment is at Dkt. No. 129. It is not clear why the plaintiff filed motions under Rule 58.

The plaintiff says that he wants the court to "clarify" its October 12, 2017 order. He does not, however, explain what it is about the order that confuses him, or what he needs the court to clarify. Because Rule 58 doesn't provide the plaintiff with relief, and because he does not explain what he wants the court to clarify, the court will deny these motions.

**4.    Motion to File Excess Pages, Dkt. No. 147, and Motions to Appoint Counsel, Dkt. Nos. 152 and 157**

This case is closed. The court has granted the defendants' motion for summary judgment, and in this order, has denied the plaintiff's motions to reconsider that decision. It is too late for the plaintiff to file a sur-reply to the defendants' reply brief in support of summary judgment, because the court has granted summary judgment to the defendants. There is nothing for an attorney

to do for the plaintiff in this court, so there is no reason for the court to appoint counsel for the plaintiff to represent him in this court.

The court notes that on December 11, 2017, the clerk's office received from the plaintiff another motion to appoint counsel. Dkt. No. 157. He addressed this motion, however, to the Seventh Circuit Court of Appeals. The Seventh Circuit Court of Appeals has suspended all of the proceedings in that court until the plaintiff pays the filing fee. That being said, if the plaintiff wants the Seventh Circuit to appoint a lawyer to help him, he needs to file that motion in the Seventh Circuit case. That means that he needs to put his *appellate* case number on the motion (17-3349), and he needs to mail it to the clerk of court for the Seventh Circuit, 291 South Dearborn Street, 27th Floor, Chicago, Illinois 60604. This court will deny the motion as being filed in the wrong court.

**5. Conclusion**

The court **DENIES** the plaintiff's motions for reconsideration (dkt. nos. 130, 140 and 148), his motions for leave to appeal without prepayment of the filing fee (dkt. nos. 134 and 145), his motions to clarify (dkt. nos. 143 and 150), his motion for leave to file excess pages (dkt. no. 147), and his motions to

appoint counsel (dkt. nos. 152 and 157). The plaintiff should file any future motions in the Seventh Circuit Court of Appeals.

Dated in Milwaukee, Wisconsin this 13th day of December, 2017.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**

**Federal Rule of Civil Procedure 58**

(a) Separate Document. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
- (1) for judgment under Rule 50(b);
- (2) to amend or make additional findings under Rule 52(b);
- (3) for attorney's fees under Rule 54;
- (4) for a new trial, or to alter or amend the judgment, under Rule 59; or
- (5) for relief under Rule 60.

(b) Entering Judgment.
- (1) Without the Court's Direction. Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:
  - (A) the jury returns a general verdict;
  - (B) the court awards only costs or a sum certain; or
  - (C) the court denies all relief.
- (2) Court's Approval Required. Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:
  - (A) the jury returns a special verdict or a general verdict with answers to written questions; or
  - (B) the court grants other relief not described in this subdivision (b).

(c) Time of Entry. For purposes of these rules, judgment is entered at the following times:
- (1) if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or
- (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
  - (A) it is set out in a separate document; or
  - (B) 150 days have run from the entry in the civil docket.

(d) Request for Entry. A party may request that judgment be set out in a separate document as required by Rule 58(a).

(e) Cost or Fee Awards. Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4 (a)(4) as a timely motion under Rule 59.